| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>CASSANDRA J. RICHEY<br>CA NO. 155721<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA 91764<br>Phone: (626) 915-5714, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 00000009124843<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 08 2021**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY johnson   DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>CAROL JEAN KITHCART<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-18398-VZ<br><br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 01/05/2021<br>TIME: 9:30 AM<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

**Movant:** WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2

1. The Motion was:   ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:   <u>4511 KINGSWELL AVENUE</u>
   *Unit/suite number*:   _____
   *City, state, zip code*:   <u>LOS ANGELES, CA 90027</u>

   Legal description or document recording number (including county of recording):

   20070087651 LOS ANGELES COUNTY

   ☐ See attached page.

---
This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                 Page 1                                                   **F 4001-1.RFS.RP.ORDER**

3.  The Motion is granted under:

    a.  ☐ 11 U.S.C. § 362(d)(1)

    b.  ☐ 11 U.S.C. § 362(d)(2)

    c.  ☐ 11 U.S.C. § 362(d)(3)

    d.  ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1)  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2)  ☐ Multiple bankruptcy cases affecting the Property.

        (3)  ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make
             a finding that the Debtor was involved in this scheme.

        (4)  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: January 8, 2021

_Vincent P. Zurzolo_
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    **F 4001-1.RFS.RP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ **The Debtor must make regular monthly payments in the amount of $1,875.53 commencing (*date*) 01/01/2021.** The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    Fay Servicing, LLC
    PO Box 814609
    Dallas TX 75381-4609

3. ☒ **The Debtor must cure the postpetition default computed through DECEMBER 2020 in the sum of $5,305.51 as follows:**

| POST-PETITION ARREARAGES | | | | | | |
|---|---|---|---|---|---|---|
| 10/01/2020 | Through | 12/01/2020 | 3 | Payments@ | $ 1,875.53 | $ 5,626.59 |
| | | | | | Less Post-Petition Suspense | $ (1,552.08) |
| | | | | | Bankruptcy Fees and Costs (Motion for Relief) | $ 1,231.00 |
| | | | | | Total Post-Petition Arrearages with Bankruptcy Fees and Costs | $ 5,305.51 |

   a. ☒ In equal monthly installments of $ 884.26 each commencing (*date*) 02/15/2021 and continuing thereafter through and including (*date*) 06/15/2021,

   b. ☒ By paying the sum of $ 884.21 on or before (*date*) 07/15/2021,

   c. ☐ By paying the sum of $_____ on or before (*date*)_____,

   d. ☐ By paying the sum of $_____ on or before (*date*)_____,

   e. ☐ Other (*specify*):

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   The disclosure statement must be approved on or before (*date*) _____
   The plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 4    F 4001-1.RFS.RP.ORDER

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*)  **three (3)**  notices of default and opportunities to cure pursuant to the preceding paragraph.  Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure.  If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

Prepared and submitted by:
**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**


/s/ Cassandra J. Richey                          Dated: 01/07/2021
Cassandra J. Richey
Attorneys for Movant


Approved as to form and content by:
**THE LAW OFFICE OF ERIKA LUNA**


[See Docket Entry No. 54 for signature page]                          Dated:
Erika Luna
Attorneys for Debtor (Estate of Carol Jean Kithcart)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 5                          **F 4001-1.RFS.RP.ORDER**